IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

K.M.P.,[1]

            Plaintiff,

v.                                                                             Case No. 23-1148-JWB

LELAND DUDEK,[2]
*Acting Commissioner of Social Security*,

            Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for an award of attorney fees in the amount of $23,553.75 under 42 U.S.C. § 406(b). (Doc. 15.) The Commissioner of Social Security ("the Commissioner") takes no position on the request, but only asks 1) that this court specify the § 406(b) fees are to be paid out of Plaintiff's past-due benefits in accordance with agency policy and 2) that the fees Kelsey Young received under the Equal Access to Justice Act (the "EAJA") be returned to K.M.P. (Doc. 16.) The motion is granted in part and denied in part for the reasons stated herein.

**I.**       **Procedural History**

On July 21, 2023, Plaintiff filed this action appealing the decision of the administrative law judge finding that Plaintiff was not disabled and denying disability insurance benefits. (Doc. 1.) On November 15, 2023, this court granted the Commissioner's unopposed motion to reverse and remand the decision for further administrative proceedings and issued a corollary order therewith.

---

[1] Plaintiff's initials are used to protect privacy interests.
[2] Leland Dudek, as the current acting Commisioner of Social Security, is substituted as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

(Doc. 9, 10.) Plaintiff then moved for attorney's fees under the EAJA, 28 U.S.C. § 2412(d), and for court costs. (Doc. 12, 13.) The court granted the motion and awarded fees in the amount of $3,774.60 and court costs of $402.00. (Doc. 14.)

After remand, the ALJ issued a fully favorable decision on June 18, 2024. (Doc. 15-4.) Plaintiff was thereafter awarded $123,015.70 in back benefits. (Doc. 15-5.) Upon retaining counsel for this matter, Plaintiff signed a contingency fee contract in which she agreed that the attorney fees would be one-fourth (25%) of all past-due benefits. (Doc. 23-5.) Kelsey Young has already been paid $7,200 for work before the Social Security Administration and now moves for the remainder of her fees to be paid according to the contingency fee agreement. (Doc. 15, 15-1 at 8). In response to the present motion, the Commissioner does not take a position, but he does note that this court previously granted Kelsey Young's motion for attorney fees under the EAJA and asks that these be returned to K.M.P. if the present motion is granted. (Doc. 16.)

## II. Analysis

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ." In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Attorneys cannot keep both fee awards, but instead must refund the lesser of the EAJA or § 406(b) fees to Plaintiff. *Id.* As a result, the EAJA fees "effectively increase [ ] the portion of past-due benefits the successful Social Security claimant may pocket." *Id.* (citation omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the

2

claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id*.

Although an attorney may contract for 25% of past-due benefits, the court must ensure that it yields a reasonable result. *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Plaintiff's counsel seeks attorney's fees of $23,553.75, which is twenty-five percent of the total past due benefits ($30,753.75) minus the $7,200 that counsel was previously paid for work before the Social Security Administration. (Doc. 15-1 at 8.) Counsel indicates that 16.2 hours were expended on this matter, which yields a de facto hourly rate of $1,453.94. Counsel has itemized the hours spent on court representation. (Doc. 15-7.) The Commissioner does not object to the fee request. (Doc. 16.) Courts in this district have found reasonable fee amounts ranging from $338.29 to $606.79. *See J.M.V. v. Saul*, No. 18-1202-JWB, 2020 WL 7230233, at *2 (D. Kan. Dec. 8, 2020) (citing *Bryant*, 2014 WL 7359023 at *1 ($418.28 per hour is a reasonable fee); *Robbins v. Barnhart*, Case No. 04–1174–MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)) (courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

While the court recognizes that Plaintiff's counsel takes a risk in taking on contingency matters, the court does not find $1,453.94 per hour to be a reasonable rate. Based on the decisions cited herein, the court finds a reasonable fee award, given the circumstances and the parties' agreement to be $12,000. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.") This amount does not result in a windfall to Plaintiff's attorney, but it also comports with Plaintiff's agreement to pay a percentage of her past due benefits and falls within the statutory limits.

**III.   Conclusion**

Plaintiff's motion for attorney's fees is GRANTED IN PART and DENIED IN PART. Plaintiff's attorney, Kelsey Young, is entitled to $12,000.00 in fees under § 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy.  After receiving these attorney's fees from the Commissioner, Kelsey Young shall refund to Plaintiff $3,774.60, which was the amount she received as fees under the EAJA.

IT IS SO ORDERED.  Dated this 31st day of March 2025.

                                                  __ _s/ John Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE